**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| SANDRICA EDMONDSON, as Next Friend, Parent, and Natural Guardian of BRANDON HARRISON, JR. and IILAYA HARRISON, SHO'STASHANEA COLTON, as Next Friend, Parent, and Natural Guardian of BRAN'JAYVIOUS HARRISON, minors, and SHIRLEY ELAINE HARRISON, as the Administrator of the Estate of BRANDON TERRELL HARRISON, deceased, ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 3:19-cv-00180-TCB |
| Plaintiffs, ) ) | |
| v. ) ) | |
| E.W. WYLIE CORPORATION, DASEKE INC., GEORGE SERVESTER GIBSON, and HUDSON INSURANCE COMPANY, ) ) ) ) | |
| Defendants. ) ) | |

**DEFENDANT GEORGE SERVESTER GIBSON'S ANSWER TO
PLAINTIFFS' COMPLAINT**

COMES NOW George Servester Gibson (hereinafter "Defendant" or "Defendant Gibson"), by and through his undersigned counsel of record, and files this Answer to Plaintiffs' Complaint (hereinafter "Plaintiffs' Complaint"), and shows the Court the following:

{00216738-5}                                              1

## FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim against the Defendants upon which relief can be granted.

## SECOND DEFENSE

Defendants were not negligent in any manner whatsoever in connection with the alleged injuries of Brandon Harrison. Mr. Harrison's injuries were due to his own contributory negligence and his failure to exercise ordinary care for his own safety.

## THIRD DEFENSE

Even if Defendants were negligent, which they specifically deny, Mr. Harrison was negligent and such negligence was equal to or greater than the alleged negligence on the part of the Defendants and for this reason the Plaintiffs cannot recover against Defendants.

## FOURTH DEFENSE

The Plaintiffs' Complaint should be dismissed on the grounds that no act or omission of the Defendants proximately caused the occurrence at issue in this litigation or any damages alleged by the Plaintiffs.

## FIFTH DEFENSE

Defendants show that they were not negligent in any manner whatsoever in connection with the alleged injuries of Brandon Harrison and that these injuries were due to circumstances outside Defendants' control.

## SIXTH DEFENSE

The Plaintiffs' Complaint should be dismissed against this Defendant on the grounds that the damages alleged by Plaintiffs were caused by an intervening and superseding cause over which these Defendants had no control and, therefore, the Plaintiffs cannot recover from Defendants.

## SEVENTH DEFENSE

Plaintiffs' request for punitive damages is barred because O.C.G.A. § 51-12-5.1 is unconstitutionally vague under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 1, Paragraph I of the Georgia Constitution.

## EIGHTH DEFENSE

Plaintiffs' request for punitive damages is barred because Georgia law provides insufficient procedural safeguards for the award of punitive damages and authorizes awards of punitive damages in violation of the Due Process Clause of the

Fifth and Fourteenth Amendments of the United States Constitution and under

Article I, Section 1, Paragraph I of the Georgia Constitution.

## NINTH DEFENSE

Plaintiffs' punitive damages claim is barred on the grounds that an award of

punitive damages would constitute an excessive fine in violation of the Eighth

Amendment of the United States Constitution and in violation of Article I, Section

1, Paragraph XVII of the Georgia Constitution.

## TENTH DEFENSE

As to Plaintiffs' claims for punitive damages pursuant to O.C.G.A. § 51-12-

5.1, Defendant shows that said statute violates the United States and State of Georgia

Constitutions on the following bases:  O.C.G.A. § 51-12-5.1 is penal in nature and

provides for the imposition of damages serving the function of criminal penalties,

and any awards thereunder are in effect private fines.  Said statute further contains

no discernable standards for the award of damages and allows the entry of damages

on a random, unpredictable, arbitrary, capricious, and excessive basis.  Said statute

further allows the entry of awards on the basis of proof that fails to establish the

entitlement therefore beyond a reasonable doubt.  Said statute further fails to accord

to parties the other basic federal constitutional rights accorded to defendants in

criminal or penal matters, including without limitation, the right against self-incrimination.

## ELEVENTH DEFENSE

The Plaintiffs' Complaint against Hudson Insurance Company should be dismissed because Hudson Insurance Company is not a proper Defendant under Georgia law.

## TWELFTH DEFENSE

Responding to the specific allegations of the Plaintiffs' Complaint, this Defendant shows the Court the following:

## COMPLAINT

1.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1 of the Plaintiffs' Complaint. Therefore, these allegations are denied.

2.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 2 of the Plaintiffs' Complaint. Therefore, these allegations are denied.

3.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the Plaintiffs' Complaint.  Therefore, these allegations are denied. Responding further, Defendant denies that Plaintiffs are entitled to any of the relief set forth in Paragraph 3 of Plaintiffs' Complaint

4.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the Plaintiffs' Complaint.  Therefore, these allegations are denied.

5.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of the Plaintiffs' Complaint.  Therefore, these allegations are denied.

6.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of the Plaintiffs' Complaint.  Therefore, these allegations are denied.

7.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of the Plaintiffs' Complaint.  Therefore, these allegations are denied.

8.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the Plaintiffs' Complaint.  Therefore, these allegations are denied.

9.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of the Plaintiffs' Complaint.  Therefore, these allegations are denied.

10.

Defendant admits the allegations contained in Paragraph 10 of the Plaintiffs' Complaint.

11.

Defendant admits the allegations contained in Paragraph 11 of the Plaintiffs' Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of the Plaintiffs'
Complaint as pled. However, by way of further response, Defendant is not
challenging service in this case as he has waived service of the Plaintiffs' Complaint
and Summons.

13.

Defendant is without sufficient information or knowledge to admit or deny
the allegations contained in Paragraph 13 of the Plaintiffs' Complaint. Therefore,
these allegations are denied.

14.

Defendant is without sufficient information or knowledge to admit or deny
the allegations contained in Paragraph 14 of the Plaintiffs' Complaint. Therefore,
these allegations are denied.

15.

Defendant is without sufficient information or knowledge to admit or deny
the allegations contained in Paragraph 15 of the Plaintiffs' Complaint. Therefore,
these allegations are denied.

16.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 of the Plaintiffs' Complaint.  Therefore, these allegations are denied.

17.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 of the Plaintiffs' Complaint.  Therefore, these allegations are denied.

18.

Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of the Plaintiffs' Complaint.  Therefore, these allegations are denied.

19.

Defendant admits the allegations contained in Paragraph 19 of the Plaintiffs' Complaint.

20.

Defendant admits the allegations contained in Paragraph 20 of the Plaintiffs' Complaint.

21.

Defendant admits that he was turning left onto State Route 219 from a private drive on or about February 19, 2019 at approximately 5:40 a.m. Defendant denies the remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint including any allegations to which no response has been specifically made.

22.

Defendant denies the allegations contained in Paragraph 22 of the Plaintiffs' Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of the Plaintiffs' Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of the Plaintiffs' Complaint.

25.

Defendant admits that he was an employee of E.W. Wylie Corporation (hereinafter "E.W. Wylie") and that he was acting in the course and scope of his employment with E.W. Wylie at the time of this accident. Defendant denies the remaining allegations contained in Paragraph 25 of the Plaintiffs' Complaint.

26.

Defendant admits the allegations contained in Paragraph 26 of the Plaintiffs'

Complaint, but denies that he is liable to the Plaintiffs.

27.

Defendant denies the allegations contained in Paragraph 27 of the Plaintiffs'

Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of the Plaintiffs'

Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of the Plaintiffs'

Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of the Plaintiffs'

Complaint.

31.

Defendant admits that he was an employee of E.W. Wylie and that he was

acting in the course and scope of his employment with E.W. Wylie at the time of

this accident. Defendant denies the remaining allegations contained in Paragraph 31 of the Plaintiffs' Complaint.

## 32.

Defendant denies the allegations contained in Paragraph 32 of the Plaintiffs' Complaint.

## 33.

Defendant denies the allegations contained in Paragraph 33 of the Plaintiffs' Complaint.

## 34.

Defendant denies the allegations contained in Paragraph 34 of the Plaintiffs' Complaint.

## 35.

Defendant denies the allegations contained in Paragraph 35 of the Plaintiffs' Complaint.

## 36.

Defendant denies the allegations contained in Paragraph 36 of the Plaintiffs' Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of the Plaintiffs'

Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of the Plaintiffs'

Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of the Plaintiffs'

Complaint and all subparts contained therein. Responding further, Defendant denies

that Plaintiffs are entitled to any of the relief set forth in Paragraph 39 and all

subparts contained therein.

40.

Defendant is without sufficient information or knowledge to admit or deny

the allegations contained in Paragraph 40 of the Plaintiffs' Complaint.  Therefore,

these allegations are denied. Responding further, Defendant denies that Plaintiffs are

entitled to any of the relief set forth in Paragraph 40 of Plaintiffs' Complaint.

41.

Defendant is without sufficient information or knowledge to admit or deny

the allegations contained in Paragraph 41 of the Plaintiffs' Complaint.  Therefore,

these allegations are denied. Responding further, Defendant denies that Plaintiffs are entitled to any of the relief set forth in Paragraph 41 of Plaintiffs' Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of the Plaintiffs' Complaint.

43.

Defendant denies the allegations contained in Paragraph 43 of the Plaintiffs' Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Plaintiffs' Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of the Plaintiffs' Complaint.

## **PRAYER FOR RELIEF**

46.

Defendant denies the allegations of any prayer for damages or relief and the words contained in the Paragraph beginning with "WHEREFORE" in Plaintiffs' Complaint.

47.

Defendant denies each and every allegation contained in Plaintiffs' Complaint to which no response has previously been made.

WHEREFORE, having fully responded to Plaintiffs' Complaint, Defendant George Servester Gibson demands that he be discharged without liability, with costs cast against the remaining parties.

This 21st day of January, 2020.

MOSELEY MARCINAK LAW GROUP, LLP


/s/ Blair J. Cash
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing document was prepared

in accordance with N.D. Georgia Local Rule 5.1 and 7.1(D).  Specifically, counsel

certifies that he has used 14 point Times New Roman as the font in these documents.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

pleading upon all parties to this matter by e-filing the same with the Court's CM-

ECF system addressed to counsel of record as follows:

<table>
<tr><td>Peter A. Law<br>E. Michael Moran<br>Denise D. Hoying<br>LAW & MORAN<br>536 Spring Street, NW<br>Atlanta, Georgia  30308<br>pete@lawmoran.com<br>mike@lawmoran.com<br>denise@lawmoran.com<br><br>*Counsel for Plaintiffs*</td><td>Brantley C. Rowlen<br>Donavan K. Eason<br>LEWIS BRISBOIS<br>BISGAARD & SMITH LLP<br>24 Drayton Street, Suite 300<br>Savannah, Georgia 31401<br>Brantley.Rowlen@lewisbrisbois.com<br>Donavan.Eason@lewisbrisbois.com<br><br>*Counsel for Hudson Insurance Company*</td></tr>
</table>

This the 21st day of January, 2020.

MOSELEY MARCINAK LAW GROUP, LLP

*/s/ Blair J. Cash*
Blair J. Cash, Esq.
Georgia Bar No. 360457
blair.cash@momarlaw.com
*Attorneys for Defendants*

MOSELEY MARCINAK LAW GROUP, LLP
P.O. Box 1688
Kennesaw, Georgia 30156
470-480-7258
470-480-7259 (Fax)

{00216738-5}                17